E-FILED
Tuesday, 19 November, 2019  02:47:56 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| DAVID B. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE CITY OF DANVILLE, ILLINOIS, | ) | |
| a municipal corporation, MICHAEL BOWMAN | ) | |
| (#9800), CODY BENSCHNEIDER (#9878), | ) | |
| VERMILION COUNTY METROPOLITAN | ) | |
| ENFORCEMENT GROUP, an intergovernmental | ) | |
| cooperative organization, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COME Plaintiff David B. Lewis ("Plaintiff"), by and through his attorneys, NATHAN & KAMIONSKI LLP, and complaining of Defendants the City of Danville, Illinois ("Danville"), Michael Bowman (#9800) and Cody Benschneider (#9878) (collectively "Defendant Agents"), and Vermilion County Metropolitan Group ("VMEG"), states as follows:

### INTRODUCTION

1.      This is a civil rights complaint for damages arising from Vermilion County Metropolitan Group special agents' violations of the fundamental rights of David B. Lewis, including his right to be free from unreasonable searches and seizures as guaranteed by the United States Constitution.

2.      On or about February 8, 2017, VMEG Special Agents Michael Bowman and Cody Benschneider violated Mr. Lewis's rights when they unlawfully detained him and searched his person. Defendant Agents later admitted under oath that they did not have reasonable suspicion to stop  Mr. Lewis.

3.      Defendant Agents unlawfully searched Mr. Lewis and, ultimately, arrested him.

4.      Mr. Lewis spent a total of 800 days in Vermilion County Jail as a result of this unreasonable search and seizure.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate related claims arising under the Constitution and the laws of Illinois.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the events that give rise to this action occurred within this district and the parties reside in this district and state.

7.      The Court has personal jurisdiction over the defendants, all of whom, on information and belief, are residents of the state of Illinois.

## PARTIES

8.      Plaintiff David B. Lewis is a United States citizen and a resident of Georgetown, Illinois.

9.      Defendant City of Danville, Illinois is a municipal entity, organized under the laws of Illinois, that operates a police department known as the Danville Police Department and employs its police officers.

10.      Defendant Vermilion County Metropolitan Group is a law enforcement agency established under the Illinois Intergovernmental Cooperation Act. VMEG is made up of sworn police officers from approximately seven law enforcement agencies within Vermilion County, including the Vermilion County Sheriff's Office and the police departments of Catlin, Danville, Oakwood, Rankin, Ridge Farm, and Rossville.

11.     At all times relevant hereto, Defendant Michael Bowman was a law enforcement officer assigned to VMEG and was employed by the Danville Police Department, State of Illinois, or another VMEG participating law enforcement agency. Defendant Bowman was, at all relevant times, acting under color of law and in the scope of his employment.

12.     At all times relevant hereto, Defendant Cody Benschneider was a law officer assigned to VMEG and was employed by the Danville Police Department, State of Illinois, or another VMEG participating law enforcement agency. Defendant Benschneider was, at all relevant times, acting under color of law and in the scope of his employment.

13.     All Defendant Agents are sued in their individual capacities for their violations of Mr. Lewis's clearly established Fourth and Fourteenth Amendment rights.

## FACTS COMMONN TO ALL COUNTS

14.     At or around 2:00 pm on Wednesday, February 8, 2017, Mr. Lewis was walking in the neighborhood of 1219 Sherman Street in Danville.

15.     Mr. Lewis approached the house located at 1219 Sherman Street with the hope of borrowing a cigarette lighter to light his cigarette.

16.     Defendant Agents Bowman and Benschneider were purportedly surveilling the house as part of a DEA drug investigation. A search of the house had already concluded.

17.     While Defendant Agents were guarding the front door of the house, they spotted Mr. Lewis walking up to the front door.

18.     Defendant Agents commanded Mr. Lewis to stop and produce his identification card. Mr. Lewis complied and gave the agents his ID.

19.     Defendant Agent Bowman then pulled out his gun, identified himself and Defendant Agent Benschneider, and told Lewis that he was now part of the DEA drug investigation.

20.     One Defendant Agent stood in front of Mr. Lewis while the other Defendant Agent stood behind him, flanking Mr. Lewis on the steps of the house. Defendant Agents told Mr. Lewis he was not free to leave.

21.     Mr. Lewis had not taken any actions creating any reasonable suspicion that he was engaged in or about to engage in any specific illegal activity or that he was armed and dangerous.

22.     There was no facts from which Defendant Agents could reasonably infer that Mr. Lewis was connected to any drug activity within the house.

23.     Nonetheless, Defendant Agent Bowman told Mr. Lewis that he was going to search him. Mr. Lewis did not consent to the search.

24.     Mr. Lewis was cooperative and compliant throughout the detention, and nothing in his demeanor made Defendant Agents feel unsafe or threatened.

25.     Defendant Agents conducted a pat down search of Mr. Lewis while holding him at gunpoint.

26.     Following this illegal stop and search, Mr. Lewis was charged with possession of cocaine and a firearm.

27.     Mr. Lewis was formally arrested, booked into custody and charged with crimes. Mr. Lewis's state criminal case was dismissed after he was federally indicted on September 5, 2018.

28.     On April 9, 2019, after Mr. Lewis moved to suppress the evidence derived from this unlawful detention and search, the federal court granted Mr. Lewis's motion to suppress, holding that Defendants Agents had no reasonable suspicion to detain Mr. Lewis.

29.     Mr. Lewis remained at the Vermilion County Jail until April 22, 2019, when the federal court ordered his release on a personal recognizance bond.

30.     On November 7, 2019, the federal court dismissed Mr. Lewis's case.

31.     As a result of Defendant Agents' aforementioned actions, Mr. Lewis suffered and continues to suffer emotional damages, including invasion of privacy, humiliation, emotional distress, depression, anxiety, and paranoia.

## COUNT I
### 42 U.S.C. § 1983: Unreasonable Search and Seizure
### (Against Defendant Agents)

32.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

33.     Defendant Agents unlawfully seized and searched Mr. Lewis without reasonable suspicion or probable cause.

34.     The misconduct described above was objectively unreasonable in light of the facts and circumstances confronting Defendant Agents.

35.     Defendant Agents' acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Mr. Lewis of his constitutional rights.

36.     Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

37.     Defendant Agents acted under color of state law in their capacity as VMEG special agents and their actions were conducted within the scope of their employment.

5

38.     By unlawfully detaining Mr. Lewis without reasonable suspicion and searching him without a reasonable belief that he was armed and dangerous, Defendant Agents violated Mr. Lewis's Fourth and Fourteenth Amendment rights to be secure in his person from unreasonable searches and seizures.

39.     As a result of the unlawful seizure by Defendant Agent, Mr. Lewis suffered and continues to suffer emotional damages, including invasion of privacy, humiliation, emotional distress, depression, anxiety, and paranoia, and other damages in violation of 42 U.S.C. § 1983.

**COUNT II**
**745 ILCS 10/9-102: Statutory Indemnification**
**(Against Defendants City of Danville and VMEG)**

40.     Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

41.     Defendant Agents were, at all times material to this complaint, employees of the City of Danville, and were acting within the scope of their employment when committing the misconduct described above.

42.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

43.     As such, the City of Danville must pay any tort judgment for compensatory damages that is adjudicated against Defendant Agents.

44.     Pleading in the alternative, Defendant Agents, at all times material to this complaint, were working for the City of Danville and VMEG, and were acting within the scope of their employment when committing the misconduct described above.

45.     As such, the City of Danville, VMEG, or the State of Illinois must pay any tort judgment for compensatory damages that is adjudicated against Defendant Agents.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant Agents Michael Bowman and Cody Benschneider, Defendant City of Danville, and Defendant Vermilion Metropolitan Enforcement Group with respect to all counts set forth in this Complaint, and that Plaintiff be granted compensatory damages in an amount to be determined at trial, and where applicable, punitive damages, as well as an award of costs and attorneys' fees, and such other relief this Court deems equitable and just.

### JURY DEMAND

Plaintiff hereby requests a trial by a jury pursuant to Federal Rule of Civil Procedure 38(b) for all issues so triable.

Dated: November 19, 2019

Respectfully submitted,

/s/ Shneur Z. Nathan, Att. No. 6294495
Shneur Z. Nathan
Nathan & Kamionski LLP
33 West Monroe, Suite 1830
Chicago, IL 60603
(312) 612-1955